UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

TONY RANDAL WHITE  
DORIS MICHELLE WHITE

Case No. 22-30011-KRH  
(Chapter 13)

Debtors,

Ref. Dkt. #23

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER,

Movant,

vs.

TONY RANDAL WHITE  
DORIS MICHELLE WHITE, and  
CARL M. BATES, Trustee.

Respondents,

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was settled prior to the scheduled April 27, 2022 hearing on the motion for relief from the automatic stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant") with respect to the real property located at 2817 Venter Road, Aylett, VA 23009 and more particularly described as follows:

> ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND WITH IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, LYING AND BEING IN ACQUINTON MAGISTERIAL DISTRICT, KING WILLIAM COUNTY, VIRGINIA, KNOWN AND DESIGNATED AS PARCEL (1) ON A CERTAIN PLAT OF SURVEY BY WILLIAM F. GOODFELLOW, CERTIFED LAND SURVEYOR, DATED JANUARY 8, 1973, RECORDED JANUARY 23, 1973, CLERK'S OFFICE, CIRCUIT COURT, KING WILLIAM COUNTY, VIRGINIA, IN PLAT BOOK 9, PAGE 133, TO WHICH REFERENCE IS HEREBY MADE FOR THE METES AND BOUNDS DESCRIPTION OF THE LOT OR PARCEL OF LAND HEREIN CONVEYED.
>
> BEING THE SAME REAL ESTATE CONVEYED TO THE GRANTOR BY DEED RECORDED IMMEDIATELY PRIOR HERETO.

Daniel K. Eisenhauer, Bar #85242  
Orlans PC  
PO Box 2548  
Leesburg, Virginia 20177  
(703) 777-7101

Upon consideration of which, it is

**ORDERED:**

1. The debtors will resume making regular monthly installment payments in the amount of $1,076.98 as they become due commencing on May 1, 2022, subject to adjustment as due under the Note.

2. The debtors will cure the arrearage in the total amount of $4,268.94, which includes three (3) post-petition payments in the amount of $1,076.98 each for the months of February, 2022 through April, 2022, plus attorneys' fees and costs in the amount of $1,038.00 for the filing of the Motion for Relief from Stay and will cure the arrearage by making the following payments directly to Nationstar Mortgage LLC, ATTN: Bankruptcy Dept., PO Box 619094, Dallas, TX 75261-9741:

> $711.49 on or before June 15, 2022.
> $711.49 on or before July 15, 2022.
> $711.49 on or before August 15, 2022.
> $711.49 on or before September 15, 2022.
> $711.49 on or before October 15, 2022.
> $711.49 on or before November 15, 2022.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtors' counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtors. The notice of default will state in simple and plain language:

> a. That the debtors are in default in making at least one payment required under this order;
> b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

      c.      The action necessary to cure the default, including any address to which payments must be mailed;
      d.      That the debtors or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
            i.      cure the default;
            ii.     file an objection with the court stating that no default exists; or
            iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
      e.      That if the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtors; and
      f.      That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtors nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtors or trustee file an objection, the movant must set the matter for hearing and give notice of the hearing to the debtors, debtors' counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

    4.      The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees which shall not exceed total compensation in the amount of $150.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

_____, Virginia
_____, 20\_\_\_\_\_

Jun 2 2022

/s/ Kevin R Huennekens
Kevin R. Huennekens
U.S. Bankruptcy Court Judge

Entered On Docket: Jun 7 2022

WE ASK FOR THIS:

/s/Daniel K. Eisenhauer
Daniel K. Eisenhauer, Bar #85242
deisenhauer@orlans.com
Orlans PC
P.O. Box 2548
Leesburg, Virginia 20177
(703) 777-7101

\_\_/s/ Amanda DeBerry Koehn_____
Amanda DeBerry Koehn, Esquire
Patrick Thomas Keith, Esquire
Daniel James Webster, Esquire
Boleman Law Firm, PC
P.O. Box 11588
Richmond, VA 23230-1588
Attorneys for the Debtors
Re: Case No. 22-30011-KRH


SEEN:

\_\_/s/ Carl M. Bates_____
Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218
Re: Case No. 22-30011-KRH


## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

/s/Daniel K. Eisenhauer\_\_\_\_\_
Daniel K. Eisenhauer, Esquire


The Clerk shall mail a copy of the entered Order to the following:

Daniel K. Eisenhauer, Esquire
Orlans PC
Attorney for the Movant
PO Box 2548
Leesburg, Virginia 20177

Tony Randal White
Doris Michelle White
2817 Venter Road
Aylett, VA 23009
Debtors

Patrick Thomas Keith, Esquire
Daniel James Webster, Esquire
Boleman Law Firm, PC
P.O. Box 11588
Richmond, VA 23230-1588
Attorneys for the Debtors

Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218